**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS TRAINING FUND, LOCAL 597; the BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; and THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED MECHANICAL CONTRACTORS INC. an Illinois Corporation; CASTLE CONSTRUCTION CORPORATION, an Illinois Corporation; PUBLIC BUILDINGS COMMISSION OF CHICAGO, a City of Chicago Commission;<br><br>    Defendants. | CIVIL ACTION<br><br>NO.: **FILED: FEBRUARY 11, 2009<br>09CV871<br>JUDGE NORGLE<br>MAGISTRATE JUDGE SCHENKIER<br>AEE**<br><br>MAGISTRATE JUDGE: |

## COMPLAINT

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendants, UNITED MECHANICAL CONTRACTORS INC., ("UNITED") an Illinois Corporation, CASTLE CONSTRUCTION CORPORATION, ("CASTLE") an Illinois Corporation, and The PUBLIC BUILDINGS COMMISSION OF CHICAGO, ("PBCC") and allege as follows:

1

## JURISDICTION AND VENUE

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1), 28 U.S.C. § 1331 and/or the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL 597, and the PIPE FITTERS' TRAINING FUND, LOCAL 597 ("TRUST FUNDS", are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS, are authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST is authorized to administer the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND").

5. The UNION is the bargaining representative of Defendant UNITED'S bargaining unit employees.

6. The Defendant UNITED is an Illinois corporation with its principal place of business located in Chicago, Illinois. UNITED is engaged in the business of providing heating, cooling and refrigeration services.

7. The Defendant CASTLE is an Illinois corporation with its principal place of business located in Markham, Illinois.

8. The Defendant PBCC is an Illinois municipality located in Cook County, Illinois.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. UNITED is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

11. Through the agreements referred to in paragraph 10, the Defendant UNITED also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

12 Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, UNITED is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay

contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15. Pursuant to the Collective Bargaining Agreement, UNITED is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

16. UNITED has failed to submit contribution payments for the months of September, October and November of 2008, resulting in unpaid contributions in the aggregate amount of $66,319.48.

17. As a result of UNITED'S failure to submit contribution payments for the months of

September, October and November of 2008, in a timely manner, liquidated damages have been assessed in the aggregate amount of $4,104.05, and interest has accrued in the amount of $243.69.

18. UNITED owes $71.93 in unpaid 401(k) liquidated damages and $7.19 in unpaid 401(k) interest due to its failure to submit timely 401(k) payments for the month of September of 2008.

19. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from UNITED.

20. Plaintiffs have complied with all conditions precedent in bringing this suit.

21. UNITED is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant UNITED in the amount of $66,319.48 for all unpaid contributions for the months of September, October and November of 2008;

B. That judgment be entered in favor of Plaintiffs and against Defendant UNITED in the amount of $4,347.74 for all unpaid liquidated damages and interest pursuant to the terms of the Collective Bargaining Agreement, Trust Agreements and Section 502(g)(2) of ERISA;

C. That judgment be entered in favor of Plaintiffs and against Defendant UNITED in the amount of $79.12 for unpaid 401(k) liquidated damages and 401(k) interest for the month of September of 2008;

D. That Defendant UNITED be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant UNITED'S cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## FORECLOSURE OF MECHANIC'S LIEN

20. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-19 of this Complaint with the same force and effect as if fully set forth herein.

21. Defendant CASTLE entered into a written contract ("Prime Contract") with Defendant PBCC for the improvement of the City of Chicago 7th District Police Station located at approximately 1438 West 63rd Street, Chicago, Illinois ("Property").

22. Pursuant to the Prime Contract, Defendant CASTLE served as the General Contractor for such improvements.

23. Defendant CASTLE entered into a sub-contract ("sub-contract") with Defendant UNITED to perform plumbing, heating and air-conditioning work for the Property.

24. The UNION is the bargaining representative of Defendant UNITED'S bargaining unit employees.

25. During the months of September, October and November, UNION members performed work on the Property as employees of UNITED for which UNITED owes the UNION and the TRUST FUNDS $68,695.21 in fringe benefit contributions.

26. The UNION and the TRUST FUNDS have made several demands upon UNITED but to date UNITED has failed and/or refused to pay.

27. On December 30, 2008, in accordance with 770 ILCS 60/23, Plaintiffs served upon Defendant CASTLE and Defendant PBCC a Notice of Lien on Public Funds for all monies, bond and warrants due or to become due under all contracts between the Defendant PBCC, Defendant CASTLE and Defendant UNITED.

28. On January 12, 2009, in accordance with 770 ILCS 60/23, Plaintiffs served upon Defendant CASTLE and Defendant PBCC an Amended Notice of Lien on Public Funds for all monies, bond and warrants due or to become due under all contracts between the Defendant PBCC, Defendant CASTLE and Defendant UNITED.  (A copy of the Notice with return receipt is attached as Exhibit 3).

29. Although demand has been made on each of the defendants to pay Plaintiffs the money that is due and owing, the full $68,695.21 remains due and owing.

30. Plaintiffs have complied with all conditions precedent in bringing this suit including all procedural requirements under 770 ILCS 60/23.

**WHEREFORE,** Plaintiff pray that Judgment be entered in favor of Plaintiffs and against Defendant CASTLE and Defendant PBCC in the amount of $68,695.21 and for other such relief as this Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

    Respectfully Submitted,

    JOHNSON & KROL, LLC

    By: /s/ William P. Callinan – 6292500
    One of Plaintiffs' Attorneys

William P. Callinan
JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587